UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTA BEAVERS                                    CIVIL ACTION


VERSUS                                           NO: 14–1806


CITIMORTGAGE, INC., ET AL.                       SECTION: "H"(1)


## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 17).   For the following reasons, the Motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.


## BACKGROUND

In December of 2007, Plaintiff purchased a home in Metairie, Louisiana. The purchase of the home was financed by Defendant CitiMortgage.   In connection with the purchase of the home, Plaintiff executed a promissory note and mortgage in favor of CitiMortgage.  On December 4, 2013, CitiMortgage filed a foreclosure action in Louisiana state court alleging that Plaintiff had defaulted on the promissory note and seeking to execute on the mortgage.  After the state

1

court judge granted Defendant's petition, Plaintiff filed a motion to vacate the seizure.  The day after the state judge denied her motion, Plaintiff filed this action.

Plaintiff claims in this suit that her promissory note and mortgage are unenforceable. She alleges that Defendants collectively conspired to defraud her and the general public by including false information in the promissory note and mortgage.  Specifically, she alleges that the documents were fraudulently drafted to indicate that Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee.  According to Plaintiff, MERS could not have legally been the mortgagee because it was not the holder of the promissory note. Plaintiff alleges that, in reality, the promissory note was sold to a trust.  She generally alleges that the transfer of the note to the trust was in violation of the trust agreement and therefore invalid.  Plaintiff claims that, because of Defendants' fraudulent activity, it is impossible to determine who actually owns the note or the mortgage.  Therefore, according to Plaintiff, this Court should issue a judgment cancelling the note and the mortgage, giving Plaintiff sole title to the home, and awarding her damages for violation of various federal and state laws.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[6]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7]  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[8]

Here, Defendants have submitted records from the foreclosure proceeding for the Court's consideration.  The Court can validly consider these documents for two reasons.  First, the foreclosure proceeding is referenced in Plaintiff's

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

Complaint.  Given that the primary relief she seeks is the nullification of the foreclosure, the Court has no trouble concluding that the documents are central to her claim.  Second, "courts may also consider matters of which they may take judicial notice,"[9] including state court records.[10]

## LAW AND ANALYSIS

Defendants present several arguments in support of their Motion.  The Court will consider each argument in turn, beginning with their jurisdictional argument.

### I. *Rooker–Feldman*

Defendants argue that this Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker–Feldman* doctrine.[11]  The doctrine is narrow and applies only where (1) the plaintiff is the loser of a proceeding in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the judgment was rendered before the federal proceedings commenced, and (4) the plaintiffs seeks review and rejection of the state court judgment.[12]  The core principle behind *Rooker–Feldman* is that lower federal courts lack appellate jurisdiction over state-court judgments.[13]  As a result, the doctrine's application

---

[9] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

[10] *See Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004).

[11] The doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[12] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[13] *Id.* at 283–84.

4

is limited to those cases that seek reversal or modification of a state court judgment.[14]

*Rooker–Feldman* is not, however, a substitute for state law preclusion principles.[15] That is, federal courts do not lack *jurisdiction* to hear suits merely because a plaintiff's requested relief is inconsistent with a state court's decision in a similar suit.  In such a case, courts should apply state law *res judicata* principles, not *Rooker–Feldman*.[16]

Defendants argue that, pursuant to *Rooker–Feldman*, this Court lacks jurisdiction to hear any of Plaintiff's claims.  There appears to be no dispute that all four elements of *Rooker–Feldman* are met in this case:  Plaintiff lost the state court proceeding when the state-court judge ordered the seizure and sale of the home; she complains here of injuries caused by that judgment; the state court judgment was rendered before these proceedings commenced; and Plaintiff specifically requests that this Court declare the foreclosure judgment illegal and return the home to her.  To the extent that Plaintiff asks this Court to review and ultimately reverse the foreclosure judgment, *Rooker–Feldman* bars her claims.   Accordingly, Plaintiff's claims seeking to modify the foreclosure judgment are dismissed without prejudice for lack of subject matter jurisdiction.

The Court is not, however, convinced that *Rooker–Feldman* applies to all of Plaintiff's claims.  While this Court plainly lacks jurisdiction to review or

---

[14] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013).

[15] *Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("*Rooker–Feldman* is not simply preclusion by another name.").

[16] *Truong*, 717 F.3d at 384.

modify the foreclosure judgment, Plaintiff ultimately seeks much more. She seeks damages caused by the alleged wrongful foreclosure, including damage to her credit, damages for fraud, and cancellation of the promissory note. She also seeks a judgment from this Court declaring that she is the sole owner of the property in question. The Court has jurisdiction over these claims because Plaintiff's request for damages does not seek to modify the foreclosure judgment directly. The fact that Plaintiff's claims may ultimately be barred by the doctrine of *res judicata* does not deprive this Court of jurisdiction over them.[17]

## II. *Res Judicata*

Defendants argue that Plaintiff's claims are also barred by the doctrine of *res judicata*. It is well-settled that federal courts "asked to give *res judicata* effect to a state court judgment[ ] must give the same preclusive effect to the state court judgment as that state's courts would give to it."[18] Accordingly, this Court must apply Louisiana law of *res judicata*. Louisiana's law of *res judicata* encompasses two doctrines, claim preclusion (or traditional *res judicata*) and issue preclusion (referred to in the common law as collateral estoppel).[19] Claim preclusion prohibits parties from relitigating claims that were or should have been raised in prior litigation.[20] Issue preclusion prevents parties from relitigating issues of fact or law that were actually decided between them in

---

[17] *See Truong*, 717 F.3d at 387–88 (declining to dismiss wrongful foreclosure action based on *Rooker–Feldman* but ultimately dismissing based on *res judicata*).

[18] *Zatarain v. WDSU–Television, Inc.*, 79 F.3d 1143 (5th Cir. 1996).

[19] *Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, 867 So. 2d 709, 713 (La. Ct. App. 1 Cir. 2002).

[20] *Id.*

prior litigation.[21]  "Thus, *res judicata* used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided."[22]  Defendants do not specifically articulate which of the two *res judicata* doctrines apply to this case. Because the Court ultimately concludes that claim preclusion bars Plaintiff's claims, the Court will limit its discussion to that doctrine.

The Louisiana First Circuit Court of Appeal clearly explained the claim preclusive effect of a foreclosure judgment in *Avery v. CitiMortgage, Inc.*[23]

> Generally, to dismiss [plaintiff's] action on the basis of *res judicata*, a court must find: (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit.[24]

The court further explained that a judgment in an executory process proceeding only has preclusive effect as to those claims that could have been raised in the proceeding.[25]  Under Louisiana law, a debtor in an executory process proceeding may assert only a few specific defenses: (1) that the debt

---

[21] *Id.*

[22] *Id.*

[23] 15 So. 3d 240 (La. Ct. App. 1 Cir. 2009).

[24] *Id.* at 243.

[25] *Id.*

secured by the mortgage is extinguished or otherwise legally unenforceable, (2) that "the procedure required by law for an executory proceeding has not been followed," and (3) that the documents provided to the court are not authentic.[26] Because the debtor is limited to these few defenses, an executory process judgment will not preclude the debtor from bringing future claims unless those claims allege that "the debt was legally unenforceable or that it had been extinguished."[27]

Turning to the instant matter, the judgment in the executory process proceeding is clearly valid. "For *res judicata* purposes, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given."[28] Plaintiff does not dispute that the state court had jurisdiction over the proceeding, nor does she dispute that she received proper notice.[29] There is no dispute that the judgment is final.

Plaintiff does, however, argue that the third element of claim preclusion is not met. She correctly notes that she and CitiMortgage were the only parties to the foreclosure proceeding, and she has named three additional parties as defendants to this suit. This fact, however, is not dispositive. "[T]he 'identity of parties' prerequisite for *res judicata* does not mean that the parties must be the

---

[26] *Id.*; *see also Standard Mortgage Corp. v. Wells*, 865 So. 2d 93, 95 (La. Ct. App. 4 Cir. 2002) ("The issues for this Court to address are whether [the creditor] was the proper entity to move for executory process and whether [the creditor] properly followed the procedure for executory process.").

[27] *Id.* at 244.

[28] *Tealwood Properties, LLC v. Succession of Graves*, 105 So. 3d 120, 126 (La. Ct. App. 2 Cir. 2012).

[29] Indeed, Plaintiff actively participated in the proceeding.

same physical or material parties, so long as they appear in the same quality or capacity."[30]   Rather,

> the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the 'privies' of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the 'virtual representative' of the nonparty because the interests of the party and the nonparty are so closely aligned.[31]

Louisiana's "identity of parties" requirement is identical to the federal rule.[32] Therefore, this Court can draw on cases that have applied the rule when determining the *res judicata* effect of federal judgments.[33]

"Unfortunately, privity has shown itself to be an elusive and manipulable concept; it is nothing more than a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion."[34]   In this case, the Court concludes that Defendants share an identity of interest such that they may raise the defense of *res judicata.*   Plaintiff alleges that MERS, Federal National Mortgage Association, Inc. ("Fannie Mae"), and CitiMortgage all claim to have

---

[30] *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 806 So. 2d 163, 167 (La. Ct. App. 4 Cir. 2002).

[31] *Hudson v. City of Bossier*, 766 So. 2d 738, 743 (La. Ct. App. 2 Cir. 2000).

[32] *Id.*

[33] *Id.*; *see also Donley v. Hudsons Salvage, L.L.C.*, 517 F. App'x 216, 220 (5th Cir. 2013).

[34] *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

an interest in the note and/or the mortgage.  She further alleges that they conspired with each other to confect the allegedly fraudulent loan transaction and to defraud the judge presiding over the state court foreclosure proceeding.  Moreover, there is no dispute that both MERS and CitiMortgage are named in the mortgage documents presented to the state court.  In this Court's view, MERS, Fannie Mae, and CitiMortgage are "privies."

Graham, Arceneaux & Allen, LLC ("GAA") also shares an identity of interest with CitiMortgage but for a different reason.  GAA is a law firm that represented CitiMortgage in the state court proceeding.  "[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."[35] "Virtual representation" generally requires "an express or implied legal relationship" between the two parties.[36]  This Court cannot imagine how the interests of CitiMortgage and GAA could have been more aligned in the state court suit.  As CitiMortgage's counsel, GAA's only interest in the foreclosure proceeding was to represent CitiMortgage's interests.  Therefore, the Court has no difficulty concluding that GAA and CitiMortgage are "privies."[37]

The last two elements of claim preclusion address the breadth of the judgment's preclusive effect.  As previously explained, the preclusive effect of foreclosure judgments is limited.  Therefore, the foreclosure judgment will

---

[35] *Id.* at 1272.

[36] *Id.*

[37] *Cf. Zurich Am. Ins. Co. v. Cox*, 128 So. 3d 644, 647 (La. Ct. App. 3 Cir. 12/11/13) (finding that an attorney and his clients were privies for purposes of *res judicata*).

preclude this suit only if Plaintiff's contentions here require her to prove that (1) the debt secured by the mortgage is extinguished or otherwise legally unenforceable, (2) that "the procedure required by law for an executory proceeding has not been followed," or (3) that the documents provided to the court are not authentic.[38]  All of Plaintiff's claims in this case ultimately rest on a single proposition: that the promissory note and mortgage she executed are invalid and unenforceable.  It is not clear whether she is claiming that the documents were void from the beginning or that they became unenforceable when her loan was allegedly securitized.  Nonetheless, it is clear to the Court that the crux of Plaintiff's claims is that the debt secured by the mortgage is legally unenforceable.  That claim is, however, precluded by the state court foreclosure judgment and may not be relitigated in this Court.  Accordingly, the Court concludes that all of Plaintiff's claims in this matter are *res judicata* and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion is Dismiss is GRANTED and this matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 18th day of May, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[38] *Avery*, 15 So. 3d at 244.

11